UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ANTONIO RAMON JETT,

    Plaintiff,

    v.       CAUSE NO. 1:22-CV-346-HAB-SLC

HENDERSON,

    Defendant.

OPINION AND ORDER

Antonio Ramon Jett, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Jett is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Jett is a pretrial detainee at the Allen County Jail. He claims that on September 3, 2022, Correctional Officer Henderson (first name unknown) searched his cell, and in the process confiscated his glasses and various food items, including beans,

tuna, and a bag of Cheetos. He also claims Officer Henderson put her hand in an open bag of tortilla chips, leading him to throw them out. In this lawsuit he seeks compensation from Officer Henderson for the lost items and other monetary damages.

Mr. Jett has an adequate state post-deprivation remedy available to seek compensation for his lost property. *See* IND. CODE § 34-13-3-8 *et seq*. Therefore, he cannot pursue a federal due process claim on this ground. *See Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property in his cell); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.")

He states in passing that he believes Officer Henderson may have done this "because of the lawsuit (section 1983 claim) I filed." (ECF 1 at 4.) He does not elaborate, but it appears he may be trying to assert a claim for unlawful retaliation under the First Amendment. To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Filing a lawsuit or grievance qualifies as "protected activity" for purposes of a First Amendment claim. *Gomez*, 680 F.3d at 866. On the second prong, the court cannot

plausibly infer that losing a few items of food (for which he has a remedy to obtain compensation) is the type of deprivation that would "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). The confiscation of his glasses poses a closer question, but he does not provide any details about his need for the glasses, including whether they were his only pair and whether he can see adequately without them. But assuming he satisfies the second prong, he does not provide sufficient factual content to satisfy the third prong. He references another case brought under 42 U.S.C. § 1983 without describing the case in any detail or providing the date it was filed. He has another civil rights case pending in this District pertaining to the conditions of his confinement, but it was filed in October 2022 on the same date he filed this case. *See Jett v. Stockamp*, 1:22-CV-344-HAB-SLC (N.D. Ind. filed Oct. 4, 2022). The court cannot plausibly infer that Officer Henderson took adverse actions against Mr. Jett in early September 2022 in retaliation for a lawsuit he filed in October 2022.[1] He has not stated a plausible First Amendment claim.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim in connection with these events, consistent with the allegations he

---

[1] The court also notes that Officer Henderson is not a defendant in the other case.

has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **December 2, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on November 1, 2022.

                                                s/Holly A. Brady
                                                JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT