UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTONIO RAMON JETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-346-HAB-SLC |
| HENDERSON, | |
| Defendant. | |

OPINION AND ORDER

Antonio Ramon Jett, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 6.) As required by 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Jett is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Jett filed an original complaint, which the court determined was subject to dismissal under 28 U.S.C. § 1915A. (ECF 5.) The court afforded him an opportunity to

file an amended complaint further illuminating his claims, and he responded with the present filing. (ECF 6.)

Mr. Jett claims that on September 3, 2022, while he was incarcerated at the Allen County Jail awaiting trial, Correctional Officer Henderson (first name unknown) searched his cell and confiscated his only pair of reading glasses. He claims that he never got the glasses back, and without them he could not read documents or fill out forms. He seeks monetary damages from Officer Henderson.

Because Mr. Jett was a pretrial detainee when this incident occurred, his rights arise under the Fourteenth Amendment.[1] *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a

---

[1] Public records reflect that on October 13, 2022, Mr. Jett pled guilty to possession of a controlled substance and was sentenced to serve one year in prison. *State v. Jett*, No. 02D05-2207-F5-000254 (Allen Sup. Ct. closed Oct. 13, 2022). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). Claims arising after October 13, 2022, would be governed by the Eighth Amendment, which contains a subjective element requiring a showing of deliberate indifference by the defendant not applicable to a Fourteenth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). It appears that the relevant events occurred prior to the date he was convicted and sentenced.

legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.*

Giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed past the pleading stage. He claims that Officer Henderson took his only pair of reading glasses, leaving him unable to read. It can be plausibly inferred that Mr. Jett had a need to read not just for pleasure during this period, but in connection with the criminal charges he was facing. The complaint can be read to allege that there was no security justification for her actions, nor is it readily apparent how a pair of reading glasses would have posed a threat to jail security. Mr. Jett will be permitted to proceed on a claim for damages against Officer Henderson. *See Glassman v. Hassell*, No. 3:19-CV-1160-DRL-MGG, 2020 WL 533745, at *1 (N.D. Ind. Feb. 3, 2020) (detainee stated Fourteenth Amendment claim in connection with allegation that defendant threw out his glasses for no reason); *Henneberg v. Dart*, No. 19 C 7380, 2021 WL 3883081, at *3 (N.D. Ill. Aug. 31, 2021) (detainee stated Fourteenth Amendment claim for denial of glasses that he needed to see).

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Henderson (first name unknown) on a claim for damages in her personal capacity for confiscating his only pair of reading glasses on or about September 3, 2022, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Henderson (first name unknown) at the Allen County Jail and to send her a copy of this order and the amended complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Allen County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS Officer Henderson to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 9, 2022.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT